UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN STARK, )<br>)<br>      *Plaintiff* )<br>)<br>v. )<br>)<br>HARTT TRANSPORTATION )<br>SYSTEMS, INC., )<br>)<br>      *Defendant* ) | No. 2:12-cv-195-NT |

*MEMORANDUM DECISION AND ORDER*
*ON DISCOVERY DISPUTE*

On January 28, 2013, I resolved a previous discovery dispute between the parties by ruling, in relevant part, that the federal psychotherapist-patient privilege applies in this case. *See* ECF No. 25. The parties now dispute the scope of that privilege. Treating the new dispute as a motion by the defendant to compel the production of the requested discovery, I grant it in part, to the extent that the plaintiff has redacted (i) records not generated by licensed mental health professionals and (ii) the identity of his mental health providers and the length and date of treatment, and otherwise deny it. I also direct that the plaintiff supply an updated privilege log reflecting the impact of this ruling.

**I. Background**

On or about February 11, 2013, the plaintiff produced to the defendant 86 pages of Veterans Administration ("VA") medical records with portions redacted on the basis of his assertion of the psychotherapist-patient privilege. *See* Exh. A to Defendant's Letter Brief dated March 8, 2013 ("Defendant's Brief"). This was accompanied by a two-page privilege log. *See id*. The defendant complains that the plaintiff produced an inadequate privilege log and appears

1

to have made redactions beyond the scope of the privilege by blacking out (i) records not generated by licensed mental health professionals and (ii) non-privileged information such as the date of treatment, length of treatment, nature of treatment, and diagnosis. *See, e.g.*, Defendant's Brief; ECF No. 36 at 1-2.

I heard oral argument during a February 28, 2013, teleconference with counsel, following which I directed that counsel file, no later than March 8, 2013, simultaneous letter briefs addressing these points. *See id*. at 2. The briefs were duly filed, with the defendant supplying a copy of the redacted medical records and accompanying privilege log, and the plaintiff supplying a revised privilege log. *See* Defendant's Brief & Exh. A thereto; Plaintiff's Letter Brief dated March 8, 2013 ("Plaintiff's Brief") & attachment thereto. The plaintiff also offered to file a copy of his VA medical records *in camera*. *See* Plaintiff's Brief at 4. On March 20, 2013, I directed that he do so, *see* ECF No. 45, and I received his *in camera* submission that day. That submission continues to contain minor redactions (select words and phrases); however, they have not impeded decision-making with respect to the issues at hand.[1]

## II. Applicable Legal Standards

"[T]he proponent of [a] privilege must set forth facts sufficient to establish all the elements of the claimed privilege." *In re Grand Jury Proceedings (Gregory P. Violette)*, 183 F.3d 71, 73 (1st Cir. 1999). "Hence, a party asserting the psychotherapist-patient privilege must show that the allegedly privileged communications were made (1) confidentially (2) between a

---

[1] During the February 28 teleconference, the plaintiff's counsel raised a concern that resolution of this discovery dispute was premature in that the defendant had objected to my January 28 decision holding the psychotherapist-patient privilege applicable. *See* ECF No. 36 at 2. He noted that, if Judge Torresen were to sustain the objection, any dispute over the scope of the privilege would be rendered moot. *See id*. Judge Torresen has since overruled the objection. *See* ECF No. 43.

licensed psychotherapist and her patient (3) in the course of diagnosis or treatment." *Id*. (citations omitted).

### III. Discussion

#### A. Scope of Privilege: Subject Matter

##### 1. Identity of Psychotherapists and Dates and Length of Treatment

In my order of January 28, 2013, I observed that the psychotherapist-patient privilege "does not extend to information regarding the occurrence of treatment, including whether a psychotherapist treated [the privilege holder], the dates of such treatment, and the length of treatment on each date." ECF No. 25 at 18 n.5 (quoting *Perry v. City of New Haven,* No. 3:11CV1485(RNC), 2012 WL 3887061, at *2 (D. Conn. Sept. 6, 2012) (internal quotation marks omitted). The plaintiff does not contest this proposition, *see* Plaintiff's Brief at 3-4, but nonetheless has improperly redacted the following "occurrence" information: (i) page 24, lines 2-5 and 7-10, (ii) page 25, lines 10-15, 17-20, and 22-25, (iii) page 26, lines 7-12, 14-17, and 20-24, (iv) page 27, lines 8-21, 23-26, and 29-32, (v) page 28, lines 19-27, (vi) page 29, lines 1-13, 15-18, and 20-23, (vii) page 30, lines 17-19, (viii) page 32, lines 33-35, (ix) page 33, lines 1, 3-6, 22-27, and 29-32, (x) page 34, lines 2-5 and 27-34, (xi) page 35, lines 1-6, (xii) page 51, lines 1-4 and 24-26, (xiii) page 55, lines 20-23, (xiv) page 56, lines 25-33, (xv) page 58, lines 2-5 and 7-13, (xvi) page 62, lines 21-25 and 27, (xvii) page 67, line 16, (xviii) page 69, lines 24-29, (xix) page 70, lines 25-27, (xx) page 80, lines 11-16, (xxi) page 81, lines 30-37, and (xxii) page 84, lines 25-30.

##### 2. Diagnoses and Nature of Treatment

The defendant argues that, because the Supreme Court describes the privilege as protecting "*confidential communications* between a licensed psychotherapist and her patients *in*

3

*the course of diagnosis or treatment*[,]" it does not cover portions of records disclosing the nature of the treatment or the patient's diagnosis. Defendant's Letter Brief at 1-2 (quoting *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996) (internal quotation marks omitted) (emphasis added by defendant). For this proposition it cites *Perry*, 2012 WL 3887061, at *2, as well as *In re Subpoena Served Upon Zuniga*, 714 F.2d 632, 640 (6th Cir. 1983*), In re Grand Jury Subpoenas Duces Tecum Dated January 30, 1986*, 638 F. Supp. 794, 799 (D. Me. 1986), *Commonwealth v. Kobrin*, 479 N.E.2d 674, 681 (Mass. 1985), and the definition of "psychotherapy notes" in the federal Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R. § 164.501, incorporated by reference in a Maine statute protecting patient confidentiality, 34-B M.R.S.A. § 1207. *See id*. at 2.

*Zuniga*, *Grand Jury*, and *Kobrin* all predate *Jaffee* and, in any event, as the plaintiff points out, collectively support his position. *See* Plaintiff's Brief at 3-4. *Zuniga* does not address whether diagnoses or the nature of treatment are privileged, holding merely that, "as a general rule, the identity of a patient or the fact and time of his treatment does not fall within the scope of the psychotherapist-patient privilege." *Zuniga*, 714 F.2d at 640. *Kobrin* did hold that portions of a psychiatrist's records "documenting the times and lengths of patient appointments, fees, patient diagnoses, treatment plans and recommendations, and somatic therapies" should be turned over to the Commonwealth of Massachusetts notwithstanding his patients' assertion of the Massachusetts statutory psychotherapist-patient privilege. *Kobrin*, 479 N.E.2d at 681. Yet, it did so in the context of an investigation into Medicaid fraud. *See id*. ("[T]he scope of protected 'communications' in the context of a Medicaid fraud investigation may not be so broad as to embrace that information necessary to satisfy the important public interest in seeing that Medicaid funds are properly applied. Concomitantly, any exception to the privilege of G.L. c.

4

233, § 20B, must be no broader than necessary for effective oversight of the Medicaid program.") (citations and internal quotation marks omitted).

In *Grand Jury*, this court recognized that distinction, citing *Zuniga* and *Kobrin* for the proposition that, "[a]s concerns Medicaid and Medicare patients, the court is satisfied that any such [psychotherapist-patient] privilege does *not* extend to those portions of the psychiatrist's records documenting the times and lengths of patient appointments, fees, patient diagnoses, treatment plans and recommendations, and somatic therapies. As to other patients, no privilege precludes disclosure of the identity of a patient or the fact and time of his treatment." *Grand Jury*, 638 F. Supp. at 799 (citations and internal punctuation omitted) (emphasis in original).

Case law from other jurisdictions is split. *Compare, e.g., N.G. v. Superior Court*, 291 P.3d 328, 334 (Alaska Ct. App. 2012) (construing Alaska's psychotherapist-patient privilege to encompass diagnoses and treatment) *with, e.g., Behar v. Pennsylvania Dep't of Transp.*, 791 F. Supp.2d 383, 394 (M.D. Penn. 2011) (construing Pennsylvania's psychotherapist-patient privilege not to apply to opinions, observations, or diagnoses).

Yet, the distinction recognized in *Grand Jury* is a sensible one, and I adhere to it. A person's mental health diagnoses and the nature of his or her treatment inherently reveal something of the private, sensitive concerns that led him or her to seek treatment and necessarily reflect, at least in part, his or her confidential communications to the psychotherapist. As the *N.G.* court noted in rejecting an argument similar to the one advanced by the defendant in this case, "The privilege would essentially be gutted if a psychotherapist could be ordered to testify about a person's diagnosis or treatment, over the person's objection, so long as the psychotherapist refrained from expressly describing or referring to the content of any

5

confidential communications." *N.G.*, 291 P.3d at 334. Construing the privilege in this "narrow fashion . . . would defeat the societal interests protected by the privilege." *Id.*[2]

Hence, I conclude that the privilege shields information revealing the plaintiff's diagnoses and the nature of his treatment.

### B. Scope of Privilege: Treatment Providers

The plaintiff claims a psychotherapist-patient privilege with respect to the records of psychologist John D. Agee, Ph.D., psychiatrist John W. Collins, M.D., psychologist Katharine Mocciola, Psy.D., psychiatrist Stephen H. Adams, D.O., and two physician's assistants who work exclusively in the mental health field, Stephen Doyle, PA-C, and Frank J. Pavalkis, PA-C. *See* Plaintiff's Brief at 2. The privilege is appropriately invoked with respect to these records. A VA web site cited by the plaintiff confirms that four of the providers, Dr. Mocciola, Dr. Adams, Doyle, and Pavalkis, are mental health specialists/providers, and my *in camera* review of the medical records corroborates that all six provided specialized mental health treatment to the plaintiff. Although Doyle and Pavalkis are not psychologists or psychiatrists, they provided functionally equivalent treatment, a circumstance in which the Supreme Court has recognized that the privilege should apply. *See, e.g., Jaffee*, 518 U.S. at 15-16 ("All agree that a psychotherapist privilege covers confidential communications made to licensed psychiatrists and psychologists. We have no hesitation in concluding in this case that the federal privilege should

---

[2] *Perry* and the HIPAA definition of "psychotherapy notes" do not tip the balance in the defendant's favor. In *Perry*, the court granted a motion to compel the plaintiff in a civil rights action to respond to an interrogatory seeking diagnoses, as well as the names of medical providers who treated the plaintiff for emotional distress and the dates of treatment. *See Perry*, 2012 WL 3887061, at *2. However, the case law that the *Perry* court cited in support of its ruling concerned the disclosure of the identity of mental health providers and the dates and length of treatment, not diagnoses. *See id.* Hence, I consider it persuasive authority only with respect to the points for which I cited it in my January 28, 2013, decision. The HIPAA definition of psychotherapy notes, as incorporated into Maine statutory law, is inapposite. I am unable to find case law in which a court has looked to it for guidance in construing the federal psychotherapist-patient privilege.

also extend to confidential communications made to licensed social workers in the course of psychotherapy. The reasons for recognizing a privilege for treatment by psychiatrists and psychologists apply with equal force to treatment by a clinical social worker. . . . Today, social workers provide a significant amount of mental health treatment.").

The plaintiff also claims a privilege with respect to records of other providers that he contends "directly incorporate the confidential information originally communicated by [him] to the above-referenced mental health professionals[.]" Plaintiff's Brief at 3. He contends that "[t]he fact that the VA's system mechanically reiterates certain information from therapist-patient treatment in the patient's general treatment notes does not provide a loophole for the Defendant to obtain this otherwise privileged information." *Id*. This point is well-taken; however, my *in camera* review persuades me that the plaintiff has redacted not only "mechanically reiterated" information generated by the above-referenced psychotherapists but also information gleaned and recorded by non-psychotherapists that happens to implicate his mental health. The latter type of information is not subject to the privilege and should not have been redacted. *See, e.g.*, *United States v. Ghane*, 673 F.3d 771, 783 (8th Cir. 2012) (records generated by an emergency room physician's assistant were not subject to psychotherapist-patient privilege when he provided no mental health treatment and merely completed an intake form as part of the hospital's protocol for all incoming patients, even though he facilitated the privilege holder's placement as a psychiatric patient); *EEOC v. Nichols Gas & Oil, Inc.*, 256 F.R.D. 114, 120 (W.D.N.Y. 2009) (records of medical providers who were not psychotherapists were not subject to psychotherapist-patient privilege "even if the treatment sought from the medical provider was a referral to a mental health professional or a prescription for medication to treat depression or anxiety"). Specifically, the plaintiff should not have redacted the following:

7

(i) page 12, line 21, (ii) page 16, line 11, (iii) page 41, lines 5 and 22, (iv) page 43, line 37, (v) page 45, lines 17 and 24, (vi) page 51, lines 27-33, (vii) page 55, line 14, (viii) page 58, lines 14-24, (ix) page 59, entire page, (x) page 60, lines 19-20 and 36, (xi) page 61, line 9, (xii) page 72, lines 6 and 35, (xiii) page 73, lines 1-2 and 17, (xiv) page 75, lines 29-34, (xv) page 76, lines 1-3, (xvi) page 77, lines 2-8, (xvii) page 84, lines 31-32, (xviii) page 85, entire page, and (xix) page 86, entire page.

## IV. Conclusion

For the foregoing reasons, and treating the instant discovery dispute as a motion by the defendant to compel the production of portions of the plaintiff's medical records not covered by the psychotherapist-patient privilege, the motion is **GRANTED** in part, with respect to information (i) identifying the plaintiff's psychotherapists and the length and dates of their treatment and (ii) gleaned or recorded by non-psychotherapists, and otherwise **DENIED**. The plaintiff is **DIRECTED** to produce to the defendant, within 14 days of the date of this Order, a copy of his medical records redacted in accordance with this decision, as well as an updated privilege log reflecting the impact of this ruling.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 27th day of March, 2013.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge